# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

CHRISTOPHER SCOTT DANGIM,

    Plaintiff,

v.

                                  No.   23-cv-00147-DHU-GJF

APD, DA, MHU, MDL,
CDC, MDC, ISLETA CASINO,

    Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

This matter is before the Court on Plaintiff Christopher Scott Dangim's Prisoner's Civil Rights Complaint. (Doc. 1) (the "Complaint") and his Amended Complaint (Doc. 4). Also before the Court are Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. 2) and his Motion for a Change of Venue (Doc. 3). Plaintiff claims that police falsely arrested and tortured him, causing him to suffer permanent nerve damage to his shoulder and back injuries. (Doc. 1 at 4-5). He seeks injunctive relief and monetary damages under 42 U.S.C. § 1983. For the reasons that follow, the Court shall grant Plaintiff's Application to proceed in forma pauperis, dismiss his § 1983 claims and grant leave to file an amended complaint, and deny the Motion for a Change of Venue.

I.    The Application to Proceed *In Forma Pauperis* Shall be Granted.

Plaintiff's financial information reflects that he is unable to pay the $402 filing fee in this civil case. (Doc. 2). The Court will therefore permit Plaintiff to proceed *in forma pauperis*, and excuse the filing fee pursuant to 28 U.S.C. § 1915(a)(1). As Plaintiff is proceeding in forma pauperis, the Court must screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2).

II.    Plaintiff's § 1983 Claims Shall be Dismissed Without Prejudice

Facts.

For the limited purpose of this Memorandum Opinion and Order, the Court assumes without deciding that the allegations in the Complaint,[1] to the extent the Court can discern them, are true. Plaintiff alleges that in May through July of 2022 and again or continuing through February 2023, he was variously tortured by police, falsely arrested. (Doc. 1 at 5). Some or all of these events allegedly occurred at MDC (a commonly known acronym for the Bernalillo County Metropolitan Detention Center), while he was incarcerated there. (Doc. 1 at 6). Plaintiff alleges that he sustained permanent nerve damage in his shoulder and injuries to his back. (Doc. 1 at 5). He appears also to allege that someone tampered with his food, though the allegation is not legibly printed and may allege that he was attacked in some way connected with his foot or his food. (See Doc. 1 at 4, IV. B.). Based on the foregoing, Plaintiff seeks to state claims for violations of his Fourth and Fourteenth Amendments to the United States Constitution.[2]

## Standard of Review.

Plaintiff's complaint is subject to screening under §1915(e)(2)(B)(ii), pursuant to which the Court must dismiss a case if it fails to state a claim on which relief may be granted. To survive screening, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

---

[1] The Amended Complaint does not contain any factual allegations. Its only ostensible purpose is to add the Defendants MDC and Isleta Casino.
[2] Plaintiff's citation to the Thirteenth Amendment, abolishing slavery, is apparently based on a misapprehension of the law.

Because he is *pro se*, the Court construes Plaintiff's pleadings "liberally" and holds them "to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (discussing the Court's construction of *pro se* pleadings). This means that "if the court can reasonably read the pleadings to state valid claim on which [he] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction or his unfamiliarity with pleading requirements." *Id.* Nevertheless, the Court will not "assume the role of advocate for the pro se litigant" or craft his theories for him. *Id.* Nor will the Court accept conclusory allegations without supporting factual averments as sufficient to state claim for relief. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

<u>Pleading Standards Governing a § 1983 Claim</u>.

42 U.S.C. § 1983 provides a vehicle for the vindication of substantive rights guaranteed by the Constitution and laws of the United States. It allows a person whose federal rights have been violated by state or local officials "acting under color of state law" to sue those officials. *Id.* A § 1983 claim is comprised of two essential elements: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *McLaughlin v. Bd. of Trustees of State Colls. of Colo.*, 215 F.3d 1168, 1172 (10th Cir. 2000).

<u>The Complaint Does Not Identify Who Did What in Violation of Plaintiff's Rights</u>

To state a viable § 1983 claim, a plaintiff must allege that each government official, through the official's own individual actions, has violated his Constitutional rights. *See Trask v. Franco*, 446 F.3d 1036, 1046 (10th Cir. 1998). There must also be a connection between the official conduct and the Constitutional violation. *See Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.

2008); *Trask*, 446 F.3d at 1046. The complaint must clearly identify "exactly *who* is alleged to have done *what* to *whom*" so that each defendant has notice of the basis of the claims against them, particularly. *Robbins v. Okla.*, 519 F.3d 1242, 1250 (10th Cir. 2008). The Complaint is devoid of any such allegations. Instead, it is comprised of vague, passive allegations of wrongdoing and harm, such as, "I was tortured by police" and while at MDC, "they were attacking me." Such allegations are insufficient to state a viable claim. *Pahls v. Thomas*, 718 F.3d 1210, 1225–26 (10th Cir. 2013) ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's facile, passive- voice showing that his rights 'were violated' will not suffice. Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights.").

<u>Police Departments and Detention Facilities Are Not Subject to Liability Under § 1983</u>

It is not clear from Plaintiff's Complaint who the Defendants, identified only by letters, which the Court assumes acronyms but could be initials, are. If APD is the Albuquerque Police Department and MDC is the Bernalillo County Metropolitan Detention Center, any claims against these Defendants must be dismissed with prejudice.

As to the Albuquerque Police Department, it is well established that administrative departments of municipalities—such as law enforcement agencies—lack legal identities apart from the municipality itself. *See Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985) ("The City of Denver Police Department is not a separate suable entity" distinguishable from the city (internal quotation marks omitted)). As such, they are not suable entities, and claims against them are subject to dismissal. *See Henry v. Albuquerque Police Dep't*, 49 F. App'x 272, 274 n.1 (10th Cir. 2002) (unpublished) ("The district court properly relied on an unpublished decision from this court holding that the Albuquerque Police Department lacks a legal identity apart from the City of

4

Albuquerque."); *Biehl v. Salina Police Dep't*, 256 F. App'x. 212, 215 (10th Cir. 2007) (unpublished) (citing *Martinez v. Winner*, 771 F.2d 424, 444 (10th Cir. 1985)); *Ketchum v. Albuquerque Police Dep't*, 958 F.2d 381, *2 (10th Cir. 1992) (unpublished).

As to the Bernalillo County Metropolitan Detention Center, it is well established that a "detention facility is not a person or legally created entity capable of being sued." *White v. Utah*, 5 F. App'x 852, 853 (10th Cir. 2001); *see Gaines v. U.S. Marshals Serv.*, 291 F. App'x 134, 135 (10th Cir. 2008) (a county detention center "is not a suable entity"). In the § 1983 context, "suing a detention facility is the equivalent of attempting to sue a building." *Gallegos v. Bernalillo Cnty. Bd. of Cnty. Commr's*, 272 F. Supp. 3d 1256, 1267 (D.N.M. 2017).

Isleta Casino Cannot Be Sued Under § 1983

To prevail a § 1983 claim, Plaintiff must establish not only a violation of rights protected by the Constitution or federal law, but that the person allegedly committing such violation did so while acting under color of state law. *Summum v. City of Ogden*, 297 F.3d 995, 1000 (10th Cir.2002) (citing *Gomez v. Toledo*, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980)). "'Therefore, the only proper defendants in a Section 1983 claim are those who represent [the state] in some capacity, whether they act in accordance with their authority or misuse it.'" *E.F.W. v. St. Stephen's Indian High School*, 264 F.3d 1297, 1305 (10th Cir.2001) (quoting *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir.1995)). "'The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the [defendant] is clothed with the authority of state law.'" *Id.* (quoting *David v. City & County of Denver*, 101 F.3d 1344, 1353 (10th Cir.1997) (internal quotations omitted). Isleta Casino, owned by, and located on, the Pueblo of Isleta, is not a state

actor subject to liability under § 1983. Any claims against this Defendant must therefore be dismissed with prejudice.

<u>Claims Against Defendants DA, MHU, MDL, CDC Cannot Be Reviewed</u>

The Court will not attempt to guess at who the defendants identified as DA, MHU, MDL, and CDC might be. If Plaintiff wishes to pursue claims against these defendants, he must amend his complaint to show that they are state actors and to identify what each individual defendant is alleged to have done in violation of Plaintiff's Constitutional rights.

<u>Legal Standards Governing False Arrest Claims</u>.

The Fourth Amendment to the United States Constitution guarantees the right to be free from unreasonable searches and seizures. U.S. Const. amend. IV. "An arrest, for purposes of the Fourth Amendment, is a seizure, which occurs only when, by means of physical force or a show of authority, an individual's freedom of movement is restrained." *Romero v. Story*, 672 F.3d 880, 885 (10th Cir. 2012) (alterations and internal quotation marks omitted). Arrests must be supported by probable cause. *See Kaufman v. Higgs*, 697 F.3d 1297, 1300 (10th Cir. 2012). "Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed ... an offense." *Olsen v. Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002).

"To maintain a false arrest or false imprisonment claim under § 1983, [the plaintiff] 'must demonstrate the elements of a common law claim and show that [his] Fourth Amendment right to be free from unreasonable search and seizure has been violated.'" *McGarry v. Bd. of Cnty. Comm'rs for Cnty. of Lincoln*, 294 F. Supp. 3d 1170, 1195 (D.N.M. 2018) (quoting *Trimble v. Park Cty, Bd. of Comm'rs*, 2000 WL 1773239, at *3 (10th Cir. 2000) (unpublished)). Under New

Mexico common law, false imprisonment is defined as "intentionally confining or restraining another person without his consent and with knowledge that he has no lawful authority to do so." *Fuerschbach v. Sw. Airlines Co.*, 439 F.3d 1197, 1207 (10th Cir. 2006). And a false arrest occurs when "the facts available to a detaining officer would not warrant a person of reasonable caution to believe detention appropriate." *Id.*

"A defendant possessed of a good faith and reasonable belief in the lawfulness of the action is not liable for false imprisonment or false arrest." *Id.* Thus, to state a claim for false imprisonment in violation of § 1983, a plaintiff must allege facts showing that "a government official acted with deliberate or reckless intent to falsely [arrest or] imprison the plaintiff." *Romero v. Fay*, 45 F.3d 1472, 1480 (10th Cir. 1995). Plaintiff's Complaint does not satisfy the foregoing standards, and his false arrest claim must therefore be dismissed.

<u>Legal Standards Governing a Pretrial Detainee's Cruel and Unusual Punishment Claim</u>

The Eighth Amendment imposes a duty on prison officials to provide humane conditions of confinement and adequate medical care. *Farmer v. Brennan*, 511 U.S. 825, 832, (1994). These conditions include adequate food, clothing, shelter, and medical care, but also a more general requirement to "take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotation marks and citation omitted). The cruel-and-unusual punishment and deliberate indifference standards, however, do not apply to pretrial detainees because detainee may not be punished prior to an adjudication of guilt in accordance with due process of law. *See Bell v. Wolfish*, 441 U.S. 520, 535-36 (1979); *Ingraham v. Wright*, 430 U.S. 651, 671-72 n. 40, 674 (1977); *Kennedy v. Mendoza-Martinez*, 372 U.S. 144, 165-67, 186 (1963).

Instead, a pretrial detainee's claims proceed under the Fourteenth Amendment. *See Garcia v. Salt Lake Cty.*, 768 F.2d 303, 307 (10th Cir. 1985) (holding that, although the Eighth

7

Amendment protects the rights of convicted prisoners and the Fourteenth Amendment protects the rights of pretrial detainees, pretrial detainees are "entitled to the degree of protection against denial of medical attention which applies to convicted inmates"); *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998) (citing *Bell*, 441 U.S. at 535)("Although the Due Process Clause governs a pretrial detainee's claim of unconstitutional conditions of confinement, ... the Eighth Amendment standard provides the benchmark for such claims.").

Under both the Eighth Amendment and the Due Process Clause, to establish a claim for cruel and unusual "conditions of confinement, a plaintiff must satisfy two requirements," showing first that the deprivation is sufficiently serious, and second that the prison officials' deliberate indifference caused the deprivation. *Craig v. Eberly*, 164 F.3d at 495. "A plaintiff 'must show that conditions were more than uncomfortable, and instead rose to the level of 'conditions posing a substantial risk of serious harm' to [his] health or safety." *DeSpain v. Uphoff*, 264 F.3d 965, 973 (10th Cir. 2001). As Plaintiff's Complaint fails to satisfy these standards, he has not stated a viable claim for cruel and unusual conditions of confinement.

<u>The Court Will Grant Leave to Amend.</u>

Generally, *pro se* plaintiffs should be given a reasonable opportunity to remedy defects in their pleadings. *Reynoldson v. Shillinger*, 907 F.2d 124, 126 (10th Cir. 1990). The opportunity to amend should be granted unless the amendment would be futile. *Hall*, 935 F.2d at 1109. Plaintiff shall be granted a thirty-day deadline within which to file an amended complaint consistent with the standards and rulings set forth above. If he declines to timely amend, the Court will dismiss the case with prejudice.

III.     <u>Plaintiff's Motion for a Change of Venue Shall Be Denied</u>.

"Venue is defined as the appropriate district court in which to file an action." *Whiting v. Hogan*, 855 F. Supp. 2d 1266, 1282 (D.N.M. 2012) (citing *NLRB v. Line*, 50 F.3d 311, 314 (5th Cir. 1995)). The purpose of venue is to assure that lawsuits are filed in appropriately convenient courts for the matters raised and for the parties involved in the action. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185 (1979). The federal venue provision allows a plaintiff to file in: (i) "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"; (ii) "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"; or, (iii) "if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b). *See Res. Assocs. Grant Writing & Evaluation Servs., Inc. v. Southampton Union Free Sch. Dist.*, 193 F. Supp. 3d 1200, 1226 (D.N.M. 2016).

The federal change-of-venue statute, U.S.C. § 1404, allows a district court to transfer an action filed in a proper, though not necessarily convenient, venue to a more convenient district. That statute provides, in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or division to which all parties have consented." 28 U.S.C. § 1404(a). Section 1404(a) affords a district court broad discretion to adjudicate motions to transfer based on a case-by-case review of convenience and fairness. *See Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010); *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991). In considering a motion to transfer, a court weighs the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co.*, 618 F.3d at 1167; *Tex. Gulf Sulphur v. Ritter*, 371 F.2d 145, 147 (10th Cir. 1967) (stating the factors that courts consider in making a venue determination under § 1404(a)).

Plaintiff's Motion for a Venue Transfer appears to be frivolous and unfounded. He seeks to transfer venue to Maryland without offering any reason such transfer might be warranted. The Court discerns no basis for granting the motion as the events underlying the Complaint apparently occurred in New Mexico and none of the discretionary factors cited above appear to weigh in favor of transfer. The Motion shall be denied accordingly.

**IT IS ORDERED**:

(1) The Application to Proceed *In Forma Pauperis* **(Doc. 2)** is **GRANTED**.

(2) The claims set forth in the Complaint **(Doc. 1)** and Amended Complaint **(Doc. 4)** are **DISMISSED** as set forth herein.

(3) Plaintiff is granted leave to file a second amended civil rights complaint **within thirty days** of the entry of this Memorandum Opinion and Order. Failure to do so may result in dismissal of this case without further notice.

(4) The Motion for Change of Venue (Doc. 3) is **DENIED**.

_____
UNITED STATES DISTRICT JUDGE